UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GREGG MYERS,

                                Plaintiff,

        - against -                                     **AFFIRMATION IN SUPPORT
                                                        OF NOTICE OF REMOVAL**

YAMAHA MOTOR CORPORATION, USA,

                                Defendants.


------------------------------------------------------------------------ x


        James P. Donovan, an attorney duly admitted to practice law in the State of New York,

hereby affirms the following, under the penalties of perjury:

1.      I am a member of the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN &
        DICKER LLP, attorneys for defendant Yamaha Motor Corporation, U.S.A. (hereinafter
        "YMUS"), defendants in this action. I submit this Affirmation in support of the within
        Notice of Removal.

2.      This action was commenced on March 17, 2008 against the defendant, YMUS in the
        Supreme Court of the State of New York, County of Orange, by the filing of the
        Summons and Verified Complaint, a copy of which is annexed hereto as Exhibit A. The
        territory assigned to the United States District Court for the Southern District of New
        York embraces Orange County.

3.      A copy of the Summons and Complaint was served upon YMUS on March 27, 2008.

4.  According to the Complaint, the plaintiff, Gregg Myers, is a citizen of the State of New York residing in Orange County, New York. (See Exhibit A, paragraph 1).

5.  YMUS is and at all relevant times has been a corporation incorporated under the laws of the State of California.   YMUS has its principle place of business at 6555 Katella Avenue, Cypress, California 90630.

6.  There is a complete diversity of citizenship between the plaintiff and defendant.

7.  This products liability action arises from an accident that occurred on March 19, 2005. According to the complaint, the accident involved a Yamaha YZ250 motorcycle.  Upon information and belief, the accident occurred at Englishtown Raceway, Englishtown, New Jersey.  According to the complaint, plaintiff was operating the subject motorcycle when he crashed and caused him a severe injury which includes incomplete paraplegia. The Complaint seeks damages that exceed the jurisdictional limits of all lower courts.

8.  The matter in controversy herein clearly exceeds the sum of Seventy-Five Thousand Dollars, exclusive of interest and costs, based upon the nature of the alleged injuries to the plaintiff.

9.  The 30-day period within which YMUS may petition this Court for removal under 28 U.S.C. 1446(b) based on the date that YMUS was served with the Complaint has not yet expired.

10. As the amount in controversy is greater than $75,000, and plaintiffs and defendants are citizens of different states, the court has original (diversity) jurisdiction over this case under 28 U.S.C. 1332(a).

11.    YMUS has not previously sought to remove this action.

**WHEREFORE**, defendant YMUS, respectfully requests that this action be removed from the Supreme Court of the State of New York, County of Orange to the United States District Court for the Southern District of New York, together with such other and further relief as this Court may deem just, proper and equitable.

Dated:  White Plains, New York
        April  9th, 2008

                                        Respectfully submitted,

                                        **WILSON, ELSER, MOSKOWITZ, EDELMAN
                                        & DICKER LLP**

                                        By: _____
                                             James P. Donovan (8204)
                                             Attorneys for Defendant
                                             YAMAHA MOTOR CORPORATION,
                                             U.S.A.
                                             3 Gannett Drive
                                             White Plains, NY 10604
                                             (914) 323-7000
                                             File No.: 00210.30169

TO:    PODLOFSKY, HILL, ORANGE & MODZELEWSKI
       Attorneys for Plaintiff
       98 Cutter Mill Road, #299-N
       Great Neck, New York 11021
       (516) 487-7300
       Attn: Ira Podlofsky

# EXHIBIT A



CORPORATION SERVICE COMPANY

# Notice of Service of Process

VR1 / ALL
Transmittal Number: 5682408
Date Processed: 03/27/2008

**Primary Contact:**   Russell D Jura
Yamaha Motor Corporation, U.S.A.
6555 Katella Avenue
Tax Department
Cypress, CA 90630

**Copy of transmittal only provided to:**   Ed Yep
Gaby Robles
Mary Nakamura
Victoria Webster Esq.

| | |
|---|---|
| **Entity:** | Yamaha Motor Corporation, U.S.A.<br>Entity ID Number 0636874 |
| **Entity Served:** | Yamaha Motor Corporation, U.S.A. |
| **Title of Action:** | Gregg Myers vs. Yamaha Motor Corporation, U.S.A. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court:** | Supreme Court Orange, New York |
| **Case Number:** | 2008 02753 |
| **Jurisdiction Served:** | New York |
| **Date Served on CSC:** | 03/27/2008 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Ira C. Podlofsky<br>516-487-7300 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
--------------------------------------X
GREGG MYERS,                                    Index No.: **2008    02753**
                                                Date Purchased:MAR 1 7 2008
                        Plaintiff,

                                                **S U M M O N S**

    -against-
                                                PLAINTIFF DESIGNATES
YAMAHA MOTOR CORPORATION, U.S.A.                ORANGE COUNTY AS THE
                                                PLACE OF THE TRIAL
                                                PURSUANT TO CPLR 503
                        Defendant.
--------------------------------------X

THE BASIS OF VENUE IS PLAINTIFF'S RESIDENCE
323 Rye Hill Road
Monroe, New York 10950

        TO THE ABOVE NAMED DEFENDANT:

        YOU ARE HEREBY SUMMONED to answer the Complaint in this
action and to serve a copy of your answer on the plaintiff's
attorney within 20 days after the service of this summons,
exclusive of the day of service of this summons, or within 30
days after service of this summons is complete if this summons
is not personally delivered to you within the State of New York.

        In case of your failure to answer this summons, a
judgment by default will be taken against you for the relief
demanded in the complaint, together with the interest costs
and/or disbursements of this action.

DATED:    Great Neck, New York
          March 14, 2008

                        IRA C. PODLOFSKY, Esq.
                        PODLOFSKY HILL ORANGE & MODZELWESKI
                        Attorneys for Plaintiff
                        98 Cutter Mill Road
                        Great Neck, New York 11201
                        516-487-7300

DEFENDANT'S ADDRESS:
YAMAHA NOTOR CORPORATION, U.S.A.
6555 Katella Avenue
Cypress, California 90630-5101

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
---------------------------------------X
GREGG MYERS,

               Plaintiff,

                                  **COMPLAINT**

   -against-

YAMAHA MOTOR CORPORATION, U.S.A.,      **2008   02753**

               Defendant.
---------------------------------------X


    Plaintiff, by his attorneys, PODLOFSKY HILL ORANGE &
MODZELWESKI, as and for his complaint against the defendant,
herein allege as follows upon information and belief:

    1.   At all relevant times, plaintiff was and is a citizen
and resident of 323 Rye Hill Road, Town of Monroe, County of
Orange, State of New York.

    2.   At all relevant times, upon information and belief,
defendant, YAMAHA MOTOR CORPORATION, U.S.A., (hereinafter
"YAMAHA") was and is a business entity existing under the laws
of the State of California, with its principal place of business
located at 6555 Katella Avenue, Cypress, California. Upon
information and belief, at all relevant times, defendant was and
is duly authorized to do business, and regularly does and/or
solicits business, in the State of New York, and derives
substantial revenue from goods used or consumed in the State of
New York.

3.    YAMAHA is a manufacturer of motor vehicles, including motorbikes and motorcycles, which are available to the general public for purchase and use.

4.    Contrary to the representations and promises made by defendant as to the safety and reliability of its vehicles, particularly the YAMAHA YZ 2500, such products were in fact defective, operated unpredictably under regular use, and were installed with a defective throttle that sticks.

6.    Plaintiff GREGG MYERS was the owner/operator of a YAMAHA YZ 250, serial number JYACG05C7XA-000-590, which he used and operated in a reasonable, predictable manner until March 19, 2005, when the defective throttle on his Yamaha motor vehicle stuck, causing him to crash. Said crash caused plaintiff severe personal injury, including but not limited to incomplete parapelegia.

7.    GREGG MYERS' injuries were proximately caused by the presentation of the throttle defect in his YAMAHA YZ 2500.

8.    Defendant designed, manufactured, marketed, sold and distributed the YAMAHA YZ 2500 the public at large, including the plaintiff herein; failed to disclose that the YZ 2500 was comprised of defective parts and materials and would cause, inter alia, throttle failure and related accidents, and otherwise fail when exposed to normal conditions and use, and even after failures had been reported to them, defendant

continued to represent to the public at large, including the plaintiff herein, that the YAMAHA YZ 2500 was an acceptable motor vehicle for regular use, impliedly warranted that the YAMAHA YZ 2500 was of merchantable quality, fit for the ordinary purpose of such materials, and suitable for the particular purposes for which they were intended.

9.    The YAMAHA vehicle purchased and reasonably used by plaintiff was developed, designed, manufactured, distributed, promoted, tested, sold and marketed by defendant.

10.    Defendant knew or should have known but failed to disclose that the YAMAHA YZ 2500 was unsafe for use by the driving public would otherwise fail when used in ordinary applications.

11.    The defects in the YAMAHA YZ 2500 are latent and self-concealing. Accordingly, all applicable statutes of limitations have been tolled.

### AS AND FOR A FIRST CAUSE OF ACTION

12.    Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

13.    Defendants have been at all pertinent times in the business of designing, manufacturing, testing, inspecting, marketing, distributing and/or selling the YAMAHA YZ 2500 which was owned and/or operated by plaintiff.

14. By producing selling, marketing, and/or introducing YAMAHA YZ 2500 products into the stream of commerce, defendant represented that it was safe and suitable for their foreseeable use.

15. YAMAHA products, particularly the YZ 2500 bike, were expected to and did reach consumers, including the plaintiff herein, without substantial change in the condition in which they were designed, produced, manufactured, sold, distributed and/or marketed by the defendant, and in the condition which defendant intended them to reach such consumers.

16. YAMAHA products were in fact defective and unreasonably dangerous in that, among other things, defendant failed to give instructions and/or gave inadequate or improper instructions or warnings covering the YZ 2500; failed to advise that YZ 2500 products were inherently defective and would cause damages to plaintiff with the foreseeable use of the product; and, failed to adequately engineer, design, and test the YAMAHA YZ 2500 to assure its safety for use by consumers.

17. Plaintiff GREGG MYERS used the YAMAHA YZ 2500 in a foreseeable manner and for the purposes and in a manner normally intended.

18. The defects in the YAMAHA YZ 250 were a substantial factor in causing damages to the plaintiff herein.

19. Plaintiff GREGG MYERS could not by the exercise of

reasonable care have avoided the damages or discovered the defects herein mentioned and/or perceived their danger.

20. By reason of the foregoing, defendant is strictly liable to plaintiffs.

### AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

22. Defendant owed a duty to plaintiff to exercise the ordinary care and diligence that would have been exercised by a reasonable and prudent designer, manufacturer, producer, distributor, marketer and seller under the same or similar circumstances.

23. Defendant violated the duty they owed to the plaintiffs to exercise the ordinary care and diligence that would have been exercised by a reasonable and prudent designer, manufacturer, retailer, distributor, producer, marketer and seller under the same or similar circumstances.

24. Defendant was negligent in that they developed, designed, marketed, distributed and sold YAMAHA YZ 2500 products; failed to adequately inspect or test the YZ 2500 before introducing it into the marketplace; failed to give warnings or disclosures and/or timely warnings or disclosures regarding the limitations of use of the YZ 2500; represented

that the YAMAHA YZ 2500 would be acceptable for normal use by licensed motor vehicle drivers.

25.  Defendant's actions also constitute gross negligence. Such actions were made with knowing disregard for or reckless indifference to the rights of plaintiff, and the reliance of plaintiff on defendant's reputation for designing, manufacturing, distributing and selling superior quality motor vehicles.

26.  By reason of defendant's aforesaid negligence, plaintiff sustained serious personal injuries and other damages, and defendant is therefore liable to plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION

27.  Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

28.  Defendant, as the designer, manufacturer, distributor, seller, and/or marketer of YAMAHA YZ 2500 products impliedly warranted that they were safe, merchantable and fit for the ordinary purposes for which they were used.

29.  In fact, said warranties were false in that YAMAHA YZ 2500 motor vehicles were and are not safe and not fit for the use intended, and were and are not of merchantable quality.

30.  Defendant breached this implied warranty, because YAMAHA YZ 2500 vehicles are not and never have been safe,

merchantable and/or reasonable for ordinary use, but instead are defective.

31.  Plaintiff used the YAMAHA YZ 2500 for its intended use and/or in a reasonably foreseeable manner.

32.  Accordingly, defendant is liable to plaintiffs.

33.  By reason of the foregoing, as well as plaintiff's reliance on defendant's reputation for designing, manufacturing, marketing, selling and distributing superior products, plaintiffs have sustained serious personal and other injuries, including but not limited incomplete paraplegia.

## AS AND FOR A FOURTH CAUSE OF ACTION

34.  Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

35.  Defendant, as the designer, manufacturer, distributor, marketer and/or seller of the YAMAHA YZ 2500, impliedly warranted that it was fit for the particular purposes for which it was used.

36.  Defendant, at the time they designed, sold, manufactured, marketed and/or distributed the YAMAHA YZ 2500, knew or had reason to know, the purpose for which it would be used by consumers such as the plaintiff herein.

37.  Defendant, because of its superior knowledge and skill, knew or had reason to know that consumers, including

plaintiff, would justifiably rely on defendant's knowledge and skill in electing to purchase and use the YAMAHA YZ 2500 in the intended manner.

38.  Plaintiff relied on defendant's knowledge and skill in choosing to operate the YZ 2500.

39.  Defendant, by designing, manufacturing, creating, distributing, marketing and selling a product that presents with the aforementioned throttle defects, created, designed, manufactured, distributed, marketed and sold a product with a concealed hazard which was inherently dangerous.

40.  Defendant breached the implied warranty of fitness for a particular purpose by designing, manufacturing, distributing and selling YZ 2500 products, which were not fit for their particular purpose.

41.  By reason of the foregoing, defendant is liable to plaintiff.

42.  As a result of the negligent, intentional, and otherwise illegal conduct of the defendant as aforesaid, and in relying on the foregoing representations, and defendants' reputation in the motor vehicle products community as designers, manufacturers, distributors and sellers of superior quality products, the plaintiffs were caused to suffer substantial personal and other injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION

43.   Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

44.   Defendants made assertions and/or promises of fact relating to the YAMAHA YZ 2500 to the government, public, and arthritis community including the plaintiff, including, but not limited to, assertions and/or promises that the YAMAHA YZ 2500 was fit and safe for use by motorists.

45.   Defendant intended, through its assertions, to induce motorcycle operators to elect to operate the YZ 2500, and designed, manufactured and distributed the YZ 2500 that motorcycle operator GREGG MYERS elected to use.

46.   These assertions were express warranties that were relied upon by the plaintiff in choosing to operate the YZ 2500.

47.   Defendant breached these warranties by offering for sale YAMAHA YZ 2500 vehicles that did not conform to defendant's assertions and/or promises.

48.   By reason of the foregoing, defendants are liable to plaintiffs.

49.   As a result of the negligent, intentional, and otherwise illegal conduct of the defendants as aforesaid, and in relying on the foregoing representations, and defendant's reputation in the motor vehicle community as designers, manufacturers, distributors and sellers of superior quality

products, the plaintiff herein was damaged.

WHEREFORE, plaintiffs demand judgment on the FIRST through FIFTH Causes of Action in a sum of money in the amount of not less than $10,000,000, together with attorneys' fees, interest and costs; and such other and further relief as this Court deems just and proper.

Dated:     Great Neck, New York
           March 14, 2008

                          Yours, etc.,

                          PODLOFSKY HILL ORANGE &
                          MODZELWESKI
                          Attorneys for Plaintiff(s)

                          By: _____
                              Ira C. Podlofsky
                          98 Cutter Mill Road
                          Suite 299-North
                          Great Neck, New York 11021
                          (516) 487-7300

To:

YAMAHA MOTOR CORPORATION U.S.A.
6555 Katella Avenue
Cypress, California 90630-5101

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NASSAU       )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, states the following upon information and belief and under penalty of perjury pursuant to CPLR 2106:

I am a member of PODLOFSKY HILL ORANGE & MODZELEWSKI, LLP, attorneys for the plaintiff GREGG MYERS and as such I am fully familiar with all the facts and circumstances herein. I have read the foregoing

### SUMMONS AND COMPLAINT

and know the contents thereof, that same is true to my knowledge except as to those matters therein stated to be alleged upon information and belief and that as to those matters I believe it to be true.

Affirmant further states that the sources of his knowledge and information are reports and investigations, conversations, writings, memoranda and other data concerning the subject matter of the litigation.

I make this Verification because the plaintiffs reside in a county other than where I maintain my office.

Dated: Great Neck, New York
       March 14, 2008

Ira C. Podlofsky, Esq.

| Index No. | Year | RJI No. | Hon. |
|---|---|---|---|

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

GREGG MYERS,

                Plaintiff,

    -against-

YAMAHA MOTOR CORPORATION U.S.A.

                Defendant.

---

## SUMMONS AND VERIFIED COMPLAINT

---

### PODLOFSKY, HILL, ORANGE & MODZELEWSKI, LLP
*Attorneys for* **PLAINTIFF**

*Office and Post Office Address, Telephone*
**98 CUTTER MILL ROAD, #299-N**
**GREAT NECK, NEW YORK 11021**
**(516) 487-7300**

---

To

Attorney(s) for

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within             is hereby admitted.

Dated,

Attorney(s) for

---

Please take notice
☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order             of which the within is a true copy will be presented for
settlement to the HON.                         one of the judges
of the within named court, at
on                 at             M

Dated,

                        Yours, etc.
### PODLOFSKY, HILL, ORANGE & MODZELEWSKI, LLP
*Attorneys for*

To

                *Office and Post Office Address*
                **98 CUTTER MILL ROAD, #299-N**
Attorney(s) for          **GREAT NECK, NEW YORK 11021**

<u>AFFIDAVIT OF SERVICE BY MAIL</u>

STATE OF NEW YORK        )
                                  ) ss.:
COUNTY OF WESTCHESTER    )

       Sinéad Racanello, being duly sworn, deposes and says:  that deponent is not a party to this action, is over 18 years of age and resides in Westchester County;

       That on the 9th day of April, 2008, deponent served the within document(s) entitled **AFFIRMATION IN SUPPORT OF NOTICE OF REMOVAL** upon:

           Podlofsky, Hill, Orange & Modzelweski
           98 Cutter Mill Road
           Suite 299-North
           Great Neck, New York 11021
           Attn. Ira C. Podlofsky, Esq.
           (516) 487-7300

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                           *Sinéad Racanello*
                                       Sinéad Racanello

Sworn to before me this
9th day of April, 2008

*Patricia Harris*
Notary Public

       **PATRICIA HARRIS**
**NOTARY PUBLIC, State of New York**
       **No. 01HA6185423**
     **Qualified in Westchester County**
   **Commission Expires May 7, 2011**

1951275.1

James P. Donovan, Esq.
00210.30169

## UNITED STATES DISTRICT COURT / SOUTHERN DISTRICT OF NEW YORK

GREGG MYERS,

                                        Plaintiff,

              -against-

YAMAHA MOTOR CORPORATION, USA,

                                        Defendant.

## AFFIRMATION IN SUPPORT OF
## NOTICE OF REMOVAL

### WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*Attorneys For*   Defendant

3 Gannett Drive
White Plains, NY  10604-3407
914.323.7000