UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x   08 CIV. 3546

GREGG MYERS,

                Plaintiff,

          - against -

YAMAHA MOTOR CORPORATION, USA,

                Defendant.

------------------------------------x

**Judge: Charles L. Brieant**

**YAMAHA MOTOR CORPORATION, USA'S ANSWER TO THE PLAINTIFF'S COMPLAINT**

Defendant, Yamaha Motor Corporation, USA (hereinafter "YMUS), by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby answers the plaintiff's complaint as follows:

1. YMUS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the plaintiff's complaint.

2. YMUS admits that it is a California corporation with its principal place of business at 6555 Katella Avenue, Cypruss California 90630. YMUS admits that it is authorized to do business in the State of New York. YMUS denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the plaintiff's complaint.

3. YMUS denies the allegations contained in paragraph 3 of the plaintiff's complaint.

4. YMUS denies the allegations contained in paragraph 4 of the plaintiff's complaint.

5. This response is left blank because the complaint is missing a Paragraph 5.

1940983.1

6. YMUS denies that the throttle of the Yamaha motorcycle was defective. YMUS denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the plaintiff's complaint.

7. YMUS denies the allegations contained in paragraph 7 of the plaintiff's complaint.

8. YMUS admits that it is in the business of distributing and/or selling the YZ 250 motorcycle. YMUS denies the remaining allegations contained in paragraph 8 of the plaintiff's complaint.

9. YMUS admits that it is in the business of selling the YZ 250 motorcycle. YMUS denies the remaining allegations contained in paragraph 9 of the plaintiff's complaint.

10. YMUS denies the allegations contained in paragraph 10 of the plaintiff's complaint.

11. YMUS denies the allegations contained in paragraph 11 of the plaintiff's complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

12. In response to paragraph "12" of plaintiff's Complaint, YMUS repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "12", inclusive, of plaintiff's Complaint, with the same force and effect as if repeated herein at length.

13. YMUS admits that it is in the business of marketing, distributing and/or selling the YZ 250 motorcycle. YMUS denies the remaining allegations contained in paragraph 13 of the plaintiff's complaint.

14. YMUS denies the allegations contained in paragraph 14 of the plaintiff's complaint.

15. YMUS denies the allegations contained in paragraph 15 of the plaintiff's complaint.

16. YMUS denies the allegations contained in paragraph 16 of the plaintiff's complaint.

1940983.1

17. YMUS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the plaintiff's complaint.

18. YMUS denies the allegations contained in paragraph 18 of the plaintiff's complaint.

19. YMUS denies the allegations contained in paragraph 19 of the plaintiff's complaint.

20. YMUS denies the allegations contained in paragraph 20 of the plaintiff's complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

21. In response to paragraph "21" of plaintiff's Complaint, YMUS repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "21", inclusive, of plaintiff's Complaint, with the same force and effect as if repeated herein at length.

22. YMUS denies the allegations contained in paragraph 22 of the plaintiff's complaint.

23. YMUS denies the allegations contained in paragraph 23 of the plaintiff's complaint.

24. YMUS denies the allegations contained in paragraph 24 of the plaintiff's complaint.

25. YMUS denies the allegations contained in paragraph 25 of the plaintiff's complaint.

26. YMUS denies the allegations contained in paragraph 26 of the plaintiff's complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

27. In response to paragraph "27" of plaintiff's Complaint, YMUS repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "27", inclusive, of plaintiff's Complaint, with the same force and effect as if repeated herein at length.

28. YMUS denies the allegations contained in paragraph 28 of the plaintiff's complaint.

29. YMUS denies the allegations contained in paragraph 29 of the plaintiff's complaint.

30. YMUS denies the allegations contained in paragraph 30 of the plaintiff's complaint.

31. YMUS denies the allegations contained in paragraph 31 of the plaintiff's complaint.

32. YMUS denies the allegations contained in paragraph 32 of the plaintiff's complaint.

33. YMUS denies the allegations contained in paragraph 33 of the plaintiff's complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

34. In response to paragraph "34" of plaintiff's Complaint, YMUS repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "34", inclusive, of plaintiff's Complaint, with the same force and effect as if repeated herein at length.

35. YMUS denies the allegations contained in paragraph 35 of the plaintiff's complaint.

36. YMUS denies the allegations contained in paragraph 36 of the plaintiff's complaint.

37. YMUS denies the allegations contained in paragraph 37 of the plaintiff's complaint.

38. YMUS denies the allegations contained in paragraph 38 of the plaintiff's complaint.

39. YMUS denies the allegations contained in paragraph 39 of the plaintiff's complaint.

40. YMUS denies the allegations contained in paragraph 40 of the plaintiff's complaint.

41. YMUS denies the allegations contained in paragraph 41 of the plaintiff's complaint.

42. YMUS denies the allegations contained in paragraph 42 of the plaintiff's complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

43. In response to paragraph "43" of plaintiff's Complaint, YMUS repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "43", inclusive, of plaintiff's Complaint, with the same force and effect as if repeated herein at length.

1940983.1

44. YMUS denies the allegations contained in paragraph 44 of the plaintiff's complaint.

45. YMUS denies the allegations contained in paragraph 45 of the plaintiff's complaint.

46. YMUS denies the allegations contained in paragraph 46 of the plaintiff's complaint.

47. YMUS denies the allegations contained in paragraph 47 of the plaintiff's complaint.

48. YMUS denies the allegations contained in paragraph 48 of the plaintiff's complaint.

49. YMUS denies the allegations contained in paragraph 49 of the plaintiff's complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The complaint and each and every allegation considered separately, fails to state any cause of action against YMUS upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to name and join essential and necessary parties.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, YMUS is entitled to an offset for plaintiff's recovery from any collateral source.

### AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

YMUS asserts that if this action is subject to Article 16 of the CPLR in accordance with the limitations of joint and several liability in Article 16 of the CPLR, YMUS cannot be held liable in excess of its proportionate share of liability, if any.

1940983.1

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to give proper and prompt notice of any alleged breach of warranty to the answering defendants and, accordingly, any claims based on breach of warranty are barred according to the provisions of UCC 2-607.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Any oral warranties upon which plaintiffs relied are inadmissible and unavailable because of the provision of the applicable statute of frauds as provided in UCC 2-201.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of warranty are barred as a result of lack of privity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff failed to mitigate or otherwise act to lessen or reduce his injuries alleged in the complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

In the event that any person or entity liable or claimed to be liable, for the injuries alleged in the complaint, has been given or may thereafter be given a release or a covenant not to sue, YMUS will be entitled to protection and the corresponding reduction of any damages which may be determined to be caused by YMUS.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

GREGG MYERS assumed the risk inherent in the activity in which he was engaged in at the time any damages were allegedly incurred.

### AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE

If the Plaintiff incurred any damages as alleged in the complaint, Plaintiff incurred such damages as a result of comparative and/or contributory negligence of GREGG MYERS and/or other third-parties, without any negligence, strict products liability or breach of warranty on the part of YMUS.

Any damages to which Plaintiff may become entitled should be diminished in the same proportion as his own negligence and/or culpable conduct bears to the total negligence and/or conduct responsible for the damages sustained.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

If the Plaintiff incurred any damages alleged in the complaint, these damages were incurred solely by the misuse of the motorcycle identified in the complaint without any negligence or strict liability or breach of warranty on the part of YMUS.

### AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

If the Plaintiff incurred any damages alleged in the complaint, such damages were incurred wholly as a result of modification of the motorcycle identified in the complaint without any negligence, strict product liability or breach of warranty on behalf of YMUS.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, the damages and occurrences alleged in the complaint were the result of an independent and intervening cause or causes of which YMUS had no control or in any way participated.

1940983.1

## AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

At all times during the conduct of its corporate operations, the agents, servants and/or employees of YMUS used proper methods with respect to its products in conformity with the available knowledge, state of the art and research of the scientific and industrial communities.

Dated:   White Plains, New York
         April 9th, 2008

>                                   Respectfully Submitted,
>
>                                   _____
>                                   James P. Donovan, Esq. (8204)
>                                   Wilson, Elser, Moskowitz,
>                                   Edelman & Dicker, LLP
>                                   Attorneys for Yamaha Motor Corporation, USA
>                                   3 Gannett Drive
>                                   White Plains, New York 10604
>                                   Telephone: 914-323-7000
>                                   File No.: 00210.30169

TO: Podolfsky, Hill, Orange & Modzelweski
    Attorneys for Plaintiff
    98 Cutter Mill Road
    Suite 299-North
    Great Neck, New York 11021
    Telephone: 516-487-7300
    Attn: Ira C. Podlofsky, Esq.

1940983.1

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )

      Sinéad Racanello, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in Westchester County;

      That on the 9th day of April, 2008, deponent served the within document(s) entitled **YAMAHA MOTOR CORPORATION, USA'S ANSWER TO THE PLAINTIFF'S COMPLAINT** upon:

      Podlofsky, Hill, Orange & Modzelweski
      98 Cutter Mill Road
      Suite 299-North
      Great Neck, New York 11021
      Attn. Ira C. Podlofsky, Esq.
      (516) 487-7300

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                                        _____
                                                            Sinéad Racanello

Sworn to before me this
9th day of April, 2008

_____
Notary Public

PATRICIA HARRIS
NOTARY PUBLIC, State of New York
No. 01HA6105423
Qualified in Westchester County
Commission Expires May 7, 2011

1951275.1

James P. Donovan, Esq.
00210.30169

UNITED STATES DISTRICT COURT / SOUTHERN DISTRICT OF NEW YORK

GREGG MYERS,

                              Plaintiff,

-against-

YAMAHA MOTOR CORPORATION, USA,

                              Defendant.

## YAMAHA MOTOR CORPORATION, USA'S ANSWER
## TO THE PLAINTIFF'S COMPLAINT

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*Attorneys For*   Defendant

3 Gannett Drive
White Plains, NY 10604-3407
914.323.7000